In re Judith A. ZINKE, a/k/a Judith Zinke, Judith Zorn, Debtor.

Judith A. ZINKE, Plaintiff,

v.

UNITED STATES DEPARTMENT OF the TREASURY; New York State Tax Commission; City of New York Department of Finance; Sherman, Citron & Karasik; Dejet Systems; Denwell Contractors, Inc.; Goodman Plumbing & Heating Corp.; Robert Abruzzo; Strazzen & Son; Environmental Control Board; V.A. Paradise, as Trustee for Schiavone Construction Company Profit Sharing Plan and Schiavone Construction Company Pension Trust; Philip Zinke, John Does and Jane Does, being individuals, partnerships, corporations or other entities whose real name are unknown, who may have an interest in property to be sold, Defendants.

Bankruptcy No. 887–71461–20.
Adv. Pro. No. 890–0051–20.

United States Bankruptcy Court,
E.D. New York,
at Westbury.

Aug. 31, 1993.

Tim Truman, Truman & Spicer, P.C., Fort Worth, TX, for Stonehenge Insured Notes–I Ltd. Partnership.

Michael B. Hunter, Bishop, Payne, Lamsens, Williams & Werley, Fort Worth, TX, for Stonehenge Insured Notes–I Ltd. Partnership and Harbison–Fischer Mfg. Co.

Patricia C. Henry, U.S. Dept. of Justice, E.D.N.Y., Sp. Asst. U.S. Atty., Brooklyn, NY.

Andrew S. O'Connor, Liddle, O'Connor, Finkelstein & Robinson, New York City, for Stonehenge Insured Notes–I Ltd. Partnership and Harbison–Fischer Mfg. Co.

Abe Backenroth, Backenroth & Grossman, New York City, for debtor.

Stan Y. Yang, Office of the U.S. Trustee, Garden City, NY.

## DECISION AND ORDER ON MOTION FOR SANCTIONS

ROBERT JOHN HALL, Bankruptcy Judge.

### PRELIMINARY STATEMENT

This matter comes before the Court upon a motion ("Motion") by the United States Attorney for the Eastern District of New York ("Movant"), appearing by Patricia C. Henry, Special U.S. Attorney, for an order (a) quashing a subpoena served upon Ms. Henry by Andrew S. O'Connor, Esq. ("Respondent"), counsel for an entity entitled HARBISON–FISCHER MANUFACTURING COMPANY ("Harbison") and (b) for sanctions. The Motion was made pursuant to Department of Justice Order No. 3229 and Rule 11 of the Federal Rules of Civil Procedure ("Federal Rules"), made applicable herein by Rule 9011 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

The Court has jurisdiction over this case pursuant to sections 157(a), 157(b)(1) and 1334 of title 28, United States Code ("title 28") and the order of referral of matters to the bankruptcy judges by the District Court for the Eastern District of New York (Weinstein, C.J., 1986). This is a core proceeding pursuant to section 157(b)(2)(A) and (O) of title 28.

For the reasons set forth below, the Court holds that the Motion for sanctions is **DENIED**.

### RELEVANT FACTS

On September 29, 1987, Judith A. Zinke, the above-referenced debtor ("Debtor") filed a voluntary petition for bankruptcy relief under chapter 11 of title 11, United States Code ("Bankruptcy Code"). On November 3, 1987, the Debtor commenced the above-referenced adversary proceeding ("Adversary Proceeding") pursuant to which the Debtor sought, among other things, Court approval of a sale pursuant to Bankruptcy Code section 363, of 100% of the shares and proprietary leasehold interest in a certain cooperative apartment located at 1010 Fifth Avenue, New York, New York ("Shares").

By order dated December 2, 1987, the Court, among other things, authorized and approved a sale of the Shares free and clear of all liens and encumbrances.

Harbison asserted claims to the proceeds of this sale. The Court held a trial ("Trial") on Harbison's claims in August of 1991. By order dated September 25, 1991 the Court denied Harbison's claims to the proceeds.

Harbison then moved for a new trial and related relief. Harbison's main grounds for a new trial was its contention that the arrival and testimony at Trial of the Debtor's husband, Mr. Philip Zinke, constituted an unfair surprise. Harbison's counsel, the Respondent herein, alleges that he never knew Mr. Zinke's whereabouts; however, Respondent alleges that the Movant, through its attorneys did.

To investigate and substantiate Respondent's allegation that Mr. Zinke's whereabouts were in fact known by the Movant, Respondent served a subpoena upon Ms. Henry ("Subpoena"). Respondent sought certain documents and Ms. Henry's testimony regarding both her and the Movant's knowledge as to the location of Mr. Zinke prior to the Trial.[1]

Movant, on November 11, 1991, filed the present Motion to quash the Subpoena and for sanctions.

On January 8, 1992, the Court held a hearing ("Subpoena Hearing") on the Motion. At the Subpoena Hearing, Respondent conceded that the Court should properly quash the subpoena: "... there are now grounds for your Honor to quash the subpoena and quite frankly, your Honor, we don't see any way around the Supreme Court authority." Transcript of Subpoena Hearing, January 8, 1992, at 18.

As to the question of sanctions, the Court reserved its decision.

## DISCUSSION

The Motion for sanctions is premised upon the Respondent's failure to adhere to a statute governing the issuance of subpoena upon the Department of Justice or the Movant as a branch thereof, and the Respondent's alleged vexatious intentions.[2] The Court will first address the governing statute.

Section 16.23(c) of the Code of Federal Regulations contains requirements of a party seeking oral testimony; in full, section 16.23(c) provides:

> If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

28 C.F.R. § 16.23(c).

The Movant contends that this section requires that it receive a detailed declaration of anticipated answers from the party serving a subpoena. Furthermore, Movant maintains that this requirement is consis-

---

1. The documents that were requested included, for example: work product from the Movant's files as trial attorney for the Internal Revenue Service in a prior action; documents concerning attempts by the United States, the Movant or any other representative of the I.R.S. to contact Mr. Zinke prior to the Trial and other proceedings; all documents concerning any telephone calls including the identities of all individuals who spoke with Mr. Zinke between January of 1991 and August 5, 1991; and numerous other documents.

2. Movant has also asserted that the mere issuance of the Subpoena upon the Movant was sanctionable. Federal Rule 26, made applicable herein by Bankruptcy Rule 7026, governs the issuance of subpoenas. Rule 26 in pertinent part states:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending ac-

tion.... It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).

To impose sanctions upon Respondent for issuing the Subpoena, the Court would have to hold that the Subpoena could not have been "reasonably calculated to lead to the discovery of admissible evidence." *Id.* The record, however, clearly supports the alternative. Respondent simply sought to determine whether a fair trial had taken place. If the Movant withheld information concerning the location of Mr. Zinke prior to his "surprise appearance" at the Trial, this could constitute grounds for a mistrial. A subpoena compelling production of documents and testimony relevant to whether such information was withheld could lead to admissible evidence. Accordingly, the Court holds that the Subpoena was not served in violation of Rule 26.

tent with Department of Justice Order No. 3229 and judicial interpretations thereof.[3]

In the case at bar, Respondent did not furnish Movant with the required summary of anticipated answers. Respondent did, however, submit a summary of the areas of intended inquiry. The issue is whether the summary that Respondent supplied (in lieu of anticipated answers) is sanctionable under Federal Rule 11. No authority has been cited to the Court, nor is the Court aware of any, that have rendered sanctions for the failure to comply with Section 16.-23(c).

■■■■ Rule 11 is "aimed at curbing abuses of the judicial system." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 397, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990); *see also Oliveri v. Thompson,* 803 F.2d 1265, 1274 (2d Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Rule 11 requires that every pleading, motion, or other paper submitted on behalf of a client, be signed by at least one attorney of record.[4] Once the pleading, motion, or other paper is signed, the court has unquestioned jurisdiction over the granting of sanctions. *See Business Guides, Inc. v. Chromatic Comms. En-*

ters., 498 U.S. 533, 543, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991). Once such jurisdiction is found, the court must "appl[y] an objective standard of reasonableness ... in deciding whether the signer of a pleading, motion, or other paper has crossed the line between advocacy and plain pettifoggery." *U.S. v. International Brotherhood of Teamsters,* 948 F.2d 1338, 1344 (2d Cir. 1991) (citing *Business Guides,* 498 U.S. at 549–551, 111 S.Ct. at 932–33).[5]

The Court will examine the Respondent's actions in light of this authority.

■■■■ By serving the Subpoena, Respondent was inquiring into the Movant's knowledge of the location of Mr. Zinke prior to his "surprise appearance" in Court. Respondent insists that this information was required to evaluate the fairness of the Trial and to determine whether grounds for a mistrial are present.

Respondent first informally inquired, without a subpoena. Respondent asked Ms. Henry to provide certain documents which he alleges would have satisfied his inquiry. Ms. Henry initially agreed to provide the documents; she later refused to tender them, however, asserting that the documents were irrelevant to his inquiry.

---

3. Department of Justice Order No. 3229 was promulgated under the authority of section 301 of title 5, United States Code. 5 U.S.C. § 301. (Section 301 of title 5 has replaced section 22 which has been cited by the Movant). Section 301 confers upon the Department the privilege of refusing to produce records and testimony. *Id.* The United States Supreme Court has held Justice Order No. 3229 to be valid in providing government officials with a discretionary privilege to act in noncompliance of subpoenas requesting records and testimony. *See United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951) (upholding Attorney General's denial of access to records); *United States v. Feeney,* 501 F.Supp. 1337 (D.Colo. 1980) (discussing executive privileges generally).

4. Rule 11 provides, in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reason-

able inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee. .

Fed.R.Civ.P. 11.

5. The Supreme Court's decision in *Business Guides,* altered the Second Circuit's standard for determining the appropriateness of sanctions against parties who sign pleadings, motions, or other papers. Prior to the Court's decision, the Second Circuit granted sanctions only when a showing of subjective bad faith was present. *See Greenberg v. Hilton Int'l Co.,* 870 F.2d 926, 934 (2d Cir.1989), *reh'g granted and remanded on other grounds,* 875 F.2d 39 (2d Cir.1989).

Unsatisfied with Ms. Henry's characterization of the documents, Respondent served the Subpoena to compel production.

Respondent argues that a statement of anticipated answers would have been impossible. He maintains that the identical information required for such statement was the very information he sought to compel the production of, pursuant to the Subpoena.

Accordingly, Respondent instead provided a letter containing a summary of the areas in which he intended to inquire in lieu of the required summary of anticipated answers. He justifies his actions contending that at the time the Subpoena was served he was ignorant to when, if ever, the Movant had knowledge of the location of Mr. Zinke. Thus, Respondent supplied what he viewed as an appropriate alternative, a list of the intended areas of inquiry.

The Court agrees that it was impossible for the Respondent to provide a statement of anticipated answers. Though Respondent failed to adhere to section 16.23(c) and the Department of Justice's construction thereof (upheld by the United States Supreme Court, *see supra* note 3), his actions do not appear to have been harassing, vexatious or otherwise unreasonable. *See U.S. v. International Brotherhood of Teamsters*, 948 F.2d at 1344 (2d Cir.1991) (citing *Business Guides*, 498 U.S. at 549–551, 111 S.Ct. at 932–33). Therefore, the Court holds that sanctions are unwarranted.

In sum, the Respondent's inquiry (to satisfy his investigation into the possibility of a mistrial) of the precise time and circumstances in which the Movant first knew the location of Mr. Zinke was reasonable. Such behavior is well within the realms of advocacy and is not sanctionable. The Court holds, therefore, that sanctions are unwarranted.

For the reasons stated above, the Movant's Motion for sanctions is **DENIED**.

**SO ORDERED.**